UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> RUF US, INC., ET AL., <br><br> Defendants. | No. 20 CV 6158 <br><br> District Judge Pacold <br><br> Magistrate Judge McShain |

## ORDER

Pending before the Court is defendant RUF Maschinebau GMBH & Co.'s motion to compel plaintiff Sergio Perez to issue full and complete responses to seven of its interrogatories. [45].[1] The motion is fully briefed. [46, 48]. For the following reasons, the motion is granted.

## Background

This is a products liability case in which plaintiff alleges that he suffered severe injuries to his right hand and abdomen while cleaning a briquetting machine designed, manufactured, and maintained by defendant. Plaintiff claims that defendant was negligent in designing and manufacturing the machine, and that defendant negligently failed to include adequate warnings and instructions on the machine. [17] 8-9, at ¶¶ 3-4.

At issue in defendant's motion is the sufficiency of plaintiff's answers to the following seven interrogatories:

**Interrogatory No. 2**: In response to the allegations in paragraphs 2-4 of Counts IV of your complaint alleging negligence, fully set forth and precisely describe: each and every act and/or omission on the part of RUF MASCHINEBAU that you contend constitutes negligence, including, but not limited to, how you contend the "Machine" was negligently designed, manufactured, distributed, assembled, installed, inspected, tested and/or serviced by RUF MASCHINEBAU; how each and every such act and/or

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

omission is causally related to the accident and injuries in question; each and every inspection, test, service and/or maintenance work which you contend RUF MASCHINEBAU could and/or should have been performed/provided and how this would have prevented the accident and injuries in question; what you contend RUF MASCHINEBAU could and/or should have done to act in a non-negligent manner with respect to the design, manufacture, production, sale, distribution, instruction, inspection, and warning of this product; whether you contend the consequences of each and every condition and/or alleged act of negligence should have been known by RUF MASCHINEBAU, and if so, how this knowledge should have been obtained or could and/or should have been acquired; and any and all facts, evidence, documents, writings and/or witnesses (name, address and telephone number) from which you have relied to answer, and/or upon which you will rely to prove at trial your answer to, this interrogatory. Please answer this interrogatory in such mechanical and/or other detail as is necessary to specifically and completely set forth what you contend.

> **Answer:** Plaintiff objects as this interrogatory seeks the disclosures of expert testimony and attorney work product. Such information will be disclosed at the appropriate time pursuant to deadlines set by the Court. Without waiving said objection, please see materials produced in this matter including without limit photograph, video and manual. Investigation continues.

**Interrogatory No. 3**: In response to the allegations in paragraph 10 of Count III of your complaint that RUF MASCHINEBAU designed the "Machine" and/or component parts at issue in such a manner as to render it "defective, unsafe, and unreasonably dangerous for its intended use," fully and completely: identify and describe each and every feature and/or component part of the "Machine" you contend is defectively designed and how each is allegedly defective; identify and precisely describe how and in what manner you contend such defects rendered it defective, unsafe, and unreasonably dangerous for its intended use and contributed to the accident and injuries in question; describe precisely how you claim the "Machine" in question could and/or should have been designed in a better, non-defective manner; an identify any and all facts, evidence, documents, writings and/or witnesses (names, addresses and telephone numbers) from which you have relied to answer, and/or upon which you will rely to prove at trial your complaint allegations and/or your answer to this interrogatory. Please describe your answer in such mechanical and/or other detail as is necessary to fully and completely set forth what you contend.

> **Answer**: Plaintiff objects as this interrogatory seeks the disclosures of expert testimony. Such information will be disclosed at the appropriate

time pursuant to deadlines set by the Court. Without waiving said objection, please see materials produced in this matter including video, photographs, and manual. Plaintiff would also refer to Plaintiff's testimony when given. Investigation continues.

**Interrogatory No. 4**: Do you contend that the "Machine" in question, and/or any component part thereof, lacked a design feature which would have prevented or mitigated the accident made the basis of this lawsuit? If so, then list and describe in detail each and every such design feature, when and by who it was developed; what other manufacturers have used or are using it and on what products and models; and identify any and all facts, evidence, documents, writings and/or witnesses (name, address and telephone number) upon whom you have relied to answer, and/or upon which you will rely to prove at trial your complaint allegations and/or your answer to this Interrogatory. Please describe your answer in such mechanical and/or other detail as is necessary to fully and completely set forth what you contend.

> **Answer**: Plaintiff objects as this interrogatory seeks the disclosures of expert testimony. Such information will be disclosed at the appropriate time pursuant to deadlines set by the Court. Without waiving said objection, please see materials produced in this matter and the Complaint. Investigation continues.

**Interrogatory No 5**: Please state whether you contend that the "Machine" in question was improperly and/or defectively manufactured or assembled by RUF MASCHINEBAU and/or whether it mechanically malfunctioned at the time of the accident in question. If so, then identify each and every component/part and/or precisely state each and every respect in which you can claim that the "Machine" was defectively manufactured or assembled and/or mechanically malfunctioned and how you contend RUF MASCHINEBAU is responsible for each and every such condition and/or occurrence; describe precisely how each and every such manufacturing or assembly defect and/or mechanical malfunction is causally related to the accident in question; state precisely how you claim the "Machine" could and/or should have been properly and/or safely manufactured and/or assembled; and identify any and all facts, evidence, documents, writings and/or witnesses (names, addresses and telephone numbers) upon which you have relied to answer, and/or upon which you will rely to prove at trial your complaint allegations and/or your answer to this Interrogatory. Please describe your answer in such mechanical and/or other detail as is necessary to fully and completely set forth what you contend.

> **Answer**: Plaintiff objects as this interrogatory seeks the disclosures of expert testimony. Such information will be disclosed at the appropriate time pursuant to deadlines set by the Court. Without waiving said

objection, please see materials produced in this matter and the Complaint. Investigation continues.

**Interrogatory No. 7**: Please describe in detail and identify supporting documentation for each and every law, regulation, code and/or safety standard that RUF MASCHINEBAU is claimed to have violated relating to the accident made the basis of this lawsuit. Also describe precisely how RUF MASCHINEBAU violated such law, regulation and/or safety standard. Please answer this interrogatory in such mechanical and/or other detail as is necessary to fully and completely set forth what you contend.

> **Answer**: Plaintiff objects as this interrogatory seeks the disclosures of expert testimony and attorney work product. Such information will be disclosed at the appropriate time. Without waiving said objection, investigation continues.

**Interrogatory No. 8**: In response to the allegations in paragraph 10 of Count III of your complaint that RUF MASCHINEBAU failed to provide "adequate warnings and instructions concerning the safe operation, maintenance and/or cleaning of the machine", please fully set forth the factual basis for these allegations and specifically identify each and every warning (size, content, dimensions and color) and/or instruction which you contend RUF MASCHINEBAU could and/or should have provided and the factual basis for your contention that such warnings and instructions were not provided; how and in what manner such warnings and instructions would have prevented the accident and injuries in question; and the identity of all documents, records, writings and/or witnesses (name, address and telephone number) upon which you have relied to make and/or will rely to prove at trial your Complaint allegations and/or your answer to this interrogatory. Please answer this interrogatory in such mechanical and/or other detail as is necessary to fully and completely set forth what you contend.

> **Answer**: Plaintiff objects as this interrogatory seeks the disclosures of expert testimony and attorney work product. Such information will be disclosed at the appropriate time. Without waiving said objection, investigation continues and see materials produced in this matter.

**Interrogatory No. 14**: Please list and enumerate any and all financial and/or economic losses and/or damages incurred by Plaintiff as a result of the accident in question. In answering this interrogatory, singly list the specific nature, extent and amount of all such losses and/or damages, and the method of computation.

**Answer**: Plaintiff objects to this request because it calls for expert testimony prior to a court order to disclose such testimony. Without waiving said objection, Plaintiff is claiming all damages applicable under Illinois Law, including without limit past and future medical care, and injured's earning capacity. Plaintiff has not worked from August 5, 2019 to present.

### Legal Standard

"In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies." *Mendez v. City of Chicago*, 18-cv-6313, 2020 WL 4736399, at *3 (N.D. Ill. Aug. 14, 2020). Rule 26 "governs the scope of civil discovery and allows parties to obtain discovery regarding any matter that is: (1) nonprivileged; (2) relevant to any party's claim or defense; and (3) proportional to the needs of the case." *Barnes-Staples v. Murphy*, Case No. 20-cv-3627, 2021 WL 1426875, at *2 (N.D. Ill. Apr. 15, 2021). "The party requesting discovery bears the initial burden to establish its relevancy." *Mendez*, 2020 WL 4736399, at *3. "If the discovery appears relevant, the party objecting to the discovery request bears the burden of showing why that request is improper." *Id.* (internal quotation marks omitted).

### Discussion

Defendant argues that plaintiff's objections do not excuse him from providing more complete responses to the interrogatories. First, defendant contends that plaintiff's work-product objection is misplaced because "[t]he doctrine does not protect facts or theories from disclosure in an interrogatory" [46] 8, and the interrogatories at issue ask only that plaintiff provide additional factual information about his claims. Second, defendant argues that "[i]nformation about Plaintiff's theories is not uniquely the domain of expert testimony" [*id.*], such that plaintiff cannot refuse to supply more information about those theories on the ground that it would require him to prematurely disclose expert testimony.[2] Third, defendant argues that plaintiff's response to the damages interrogatory is insufficient because it does not specify which categories of damages available under Illinois law plaintiff is seeking and does not contain any calculations or methodologies. [*Id.*] 10.

Plaintiff responds that his work-product objection to Interrogatories 2, 7, and 8 was proper because the interrogatories "ask[ ] for the legal theories and conclusions that Plaintiff and/or his attorneys have formulated regarding Plaintiff's claims." [48] 7. Plaintiff also argues that the interrogatories do not "ask[ ] for facts, but rather legal conclusions." [*Id.*]. Plaintiff then argues that all of the interrogatories call for him to disclose expert testimony, particularly those that ask plaintiff to identify proposed alternative designs or instructions, what made the machine defective, or how the

---

[2] Fact discovery is set to close on March 1, 2022 [32], and the Court has not yet set an expert discovery schedule [28].

5

accident could have been prevented. [*Id.*] 8. Finally, plaintiff contends that the damages interrogatory improperly asks for expert testimony and, in any event, plaintiff has disclosed damages information. [*Id.*] 8-9.

### A. Work Product

"The work-product doctrine protects (1) documents and tangible things otherwise discoverable (2) prepared by or for another party or by or for that other party's representative (3) in anticipation of litigation or for trial." *In re Dealer Mgmt. Sys. Antitrust Litig.*, 335 F.R.D. 510, 520 (N.D. Ill. 2020) (internal quotation marks omitted). "The doctrine protects two types of work: (1) an attorney's thought processes and mental impressions; and (2) an attorney's fact-finding investigation." *St. Paul Guardian Ins. Co. v. Walsh Constr. Co.*, No. 15 CV 10324, 2021 WL 4745385, at *3 (N.D. Ill. Oct. 12, 2021). "The core of attorney work product consists of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Caddo Sys., Inc. v. Siemens Aktiengesellschaft (AG)*, Case No. 1:20-cv-5927, 2021 WL 3487354, at *2 (N.D. Ill. Aug. 9, 2021) (internal quotation marks omitted). "The party asserting the work product doctrine bears the burden of showing that it applies." *Dyson, Inc. v. SharkNinja Operating, LLC*, No. 14 C 9442, 2016 WL 11698654, at *2 (N.D. Ill. Sept. 16, 2016).

The Court concludes that plaintiff has not established that defendant's interrogatories necessarily require him to disclose his or his attorney's legal theories and conclusions. *See Mendez*, 2020 WL 4736399, at *3 ("the party objecting to the discovery request bears the burden of showing why that request is improper."). Nor has plaintiff established that the interrogatories improperly call for plaintiff to state pure legal conclusions.

Defendant's interrogatories are contention interrogatories, which are "used to elicit a description of the opposing party's theory and proof to be employed." *In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2019 WL 6498081, at *5 (N.D. Ill. Dec. 3, 2019) (internal quotation marks omitted). "Contention interrogatories are a perfectly legitimate discovery tool and often recommended to flesh out generic allegations in a pleading." *Litsinger v. Forest River, Inc.*, Cause No. 3:18-CV-613 DRL-MGG, --- F. Supp. 3d ----, 2021 WL 1723034, at *9 (N.D. Ind. Apr. 30, 2021)."The basic premise of a contention interrogatory is to require a party to commit to a position and give support for that position." *Estate of Swayzer v. Clarke*, No. 16-cv-1703, 2019 WL 1980349, at *2 (E.D. Wis. May 3, 2019) (internal quotation marks omitted). A contention interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2).

"Contention interrogatories generally do not invade the work product protection" because the doctrine "does not protect underlying facts from disclosure." *Estate of Swayzer*, 2019 WL 1980349, at *4; *see also Patrick v. City of Chicago*, 111 F. Supp. 3d 909, 915 (N.D. Ill. 2015) (work-product doctrine "only prevents the disclosure of protected documents or communications, not the underlying facts"). Consequently, "[m]any courts have rejected this kind of overly-facile objection"–that is, a work-product objection–"to contention interrogatories that seek the factual basis for positions." *United States ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 546 (N.D. Ill. 2005); *accord Terry v. Cnty. of Milwaukee*, 17-CV-1112-JPS, 2018 WL 1411234, at *3 (E.D. Wis. Mar. 21, 2018) ("it is unclear why Armor would claim work-product protection for its response to this interrogatory, as it is well-settled that contention interrogatories are entirely appropriate even though they ask for opinions as to the interaction of law and fact"); *Priddy v. Health Care Serv. Corp.*, No. 14-cv-3360, 2016 WL 6237800, at *2-3 (C.D. Ill. Oct. 25, 2016) (interrogatory asking that plaintiff describe fiduciary duties that defendant allegedly breached and "the specific actions, policies, practices or procedures that constituted" alleged breach could be answered without invading work-product protections).

Because the interrogatories at issue are contention interrogatories, plaintiff's blanket work-product objection is not a sufficient basis for plaintiff's refusal to answer Interrogatories 2, 7, and 8. *See Tyson*, 230 F.R.D. at 546; *Estate of Swayzer*, 2019 WL 1980349, at *4; *Priddy*, 2016 WL 6237800, at *2-3. In so ruling, the Court observes that defendant's interrogatories, especially Interrogatories 2 and 7, are quite broad and seek to gather a wide range of detailed information about plaintiff's claims. Plaintiff has not, however, attempted to show that responding to each distinct inquiry within these interrogatories would require him to disclose his attorney's mental impressions or theories about the case. To the contrary, the Court would find such a position to be meritless, both in view of the case law cited above and the Court's sense that plaintiff can supply at least some responses to the interrogatories without disclosing theories or impressions that are protected by the work-product doctrine. *Cf. Milwaukee Elec. Tool Corp. v. Chevron N. Am., Inc.*, No. 14-cv-1289-JPS, 2015 WL 4393896, at *5 (E.D. Wis. Jul. 16, 2015) (recognizing, in the context of overruling a blanket work-product objection to Rule 30(b)(6) deposition topics, that while "the information sought could potentially be significant to a protected legal theory . . this factor does not warrant a blanket prohibition of these topics."). But given that the parties have briefed this dispute only at a very high level of generality, and without regard to the multiple specific questions posed in defendant's interrogatories, the Court is unable to provide further guidance as to which components of the interrogatories, if any, might implicate the work-product doctrine.

Finally, the Court rejects plaintiff's argument that his answers are sufficient because the answers also cite to certain materials already produced in discovery. [48] 9-10. Plaintiff's argument relies on Civil Rule 33(d), which gives the responding party the option to answer an interrogatory by specifying the "business records" from which

the interrogating party may discern the answer. Fed. R. Civ. P. 33(d). As many courts have held, however, "Rule 33(d) does not apply to contention interrogatories" like those at issue in defendant's motion. *United States v. Supervalu, Inc.*, No. 11-3290, 2018 WL 3219448, at *2 (C.D. Ill. Jul. 2, 2018); *accord United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594 (D.D.C. 2016) ("Rule 33(d) cannot be used with respect to contention interrogatories . . . because documents normally reveal evidence, not a party's contentions or statement of facts which a party contends support a complaint.") (internal quotation marks and brackets omitted). Even assuming that Rule 33(d) applied, however, plaintiff's answers–which cite vaguely to "materials produced in this matter including video, photographs, and manual"–lack the "sufficient detail" required by Rule 33(d) that would enable defendant to discern plaintiff's position in response to the interrogatories.

Accordingly, defendant's motion to compel is granted to the extent that plaintiff's work-product objection is an insufficient basis for plaintiff's refusal to answer Interrogatories 2, 7, and 8. Within 10 days of the date of this order, plaintiff must serve amended answers to these interrogatories. To the extent that plaintiff intends to object to the interrogatories on work-product grounds, his answer must state with specificity which portion(s) of each interrogatory cannot be answered without disclosing mental impressions or legal theories that are protected by the work-product doctrine.

### B. Expert Testimony

The Court similarly concludes that plaintiff has not established that answering the interrogatories necessarily requires him to disclose only expert testimony. *See Mendez*, 2020 WL 4736399, at *3. Despite the detailed and multifaceted nature of defendant's interrogatories, plaintiff has identified only a few components of the interrogatories that allegedly require him to disclose expert testimony: (1) the request in Interrogatory 2 for "alternative designs, instructions, and/or maintenance work that could or should have been done to the briquetting machine"; (2) the requests in Interrogatories 3, 4, 5, and 8 for "alternative designs, what was negligent about this particular design, why the machine was defective, etc."; and (3) the request in Interrogatory 7 for "violations of law, regulations, codes, and/or safety standard[s]." [48] 8. Whether or not these specific parts of the interrogatories necessarily require plaintiff to disclose only expert testimony–a point plaintiff makes in only a conclusory fashion–plaintiff ignores large swathes of the interrogatories that do not appear to call for the disclosure of expert testimony. And given that plaintiff does not argue that the interrogatories seek irrelevant information or that they are not proportional to the needs of the case, it was plaintiff's burden to establish that the interrogatories are not appropriate–which he has failed to do.

Accordingly, the motion to compel is granted to the extent that plaintiff's blanket expert-testimony objection is not a sufficient basis on which to refuse to

answer the interrogatories. Within 10 days of the date of this order, plaintiff must serve amended answers to Interrogatories 2, 3, 4, 5, 7, 8, and 14 that fully and completely respond to each component of the interrogatories. To the extent that plaintiff contends that any portion of the interrogatories can be answered only by disclosing expert testimony, plaintiff shall so state with specificity in his amended answers.

### C. Damages

"Contention interrogatories that seek damage theory and methodology information from a plaintiff almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) of the Federal Rules of Civil Procedure, seeking as they do, information about an inherent element of the claim." *Tyson*, 230 F.R.D. at 544. "[C]ontention interrogatories are frequently used to obtain information from plaintiffs about damages theories and methods by which damages are calculated." *Tovar Snow Professionals v. Ace Am. Ins. Co.*, No. 20-cv-1060, 2021 WL 4745376, at *6 (N.D. Ill. Oct. 12, 2021).

Plaintiff's answer to Interrogatory 14, which states only that he is "claiming all damages applicable under Illinois Law, including without limit past and future medical care, and injured's earning capacity" [48] 5, is insufficient. As defendant correctly observes [46] 10, the answer does not identify which categories of damages that are available under Illinois law plaintiff seeks. Nor does plaintiff's answer provide the general theory underlying his damages request. "Although a precise assessment of how the facts connect to the applicable legal standard or a calculation of the ultimate damages claims can await expert analysis, the legal theory of damages is capable of identification without the expert's help." *Milwaukee Elec. Tool Corp. v. Chevron N. Am. Inc.*, No. 14-cv-1289-JPS, 2017 WL 2445845, at *7 (E.D. Wis. Jun. 6, 2017). And while defendant is entitled to know "plaintiffs' general theory of damages," the Court agrees with plaintiff that, at least at this juncture, plaintiff need not disclose "the damages formula [he] intend[s] to use in this litigation." *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2004 WL 2108410, at *2 (N.D. Ill. Sept. 21, 2004).[3]

The motion to compel is therefore granted to the extent that, within 10 days of the date of this order, plaintiff must serve an amended response to Interrogatory 14 that identifies the categories of damages he is seeking and the legal theory underlying his damages requests. However, to the extent that plaintiff's damages formula or methodology depends on or implicates expert testimony, plaintiff is not required to disclose such formula or methodology.

---

[3] The Court recognizes that plaintiff has disclosed his wages and evidence documenting the cost of past medical care. [48] 10-11. However, plaintiff's answer is still incomplete for the reasons set forth above.

### D. Fees and Costs

Rule 37(a)(5) provides that if a motion to compel "is granted–or if the requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). But a court may not award fees "if the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). "The test for substantial justification for this purpose is whether there is a genuine dispute." *Forth v. Walgreen Co.*, No. 17 C 2246, 2019 WL 10255628, at *7 (N.D. Ill. July 10, 2019).

The Court denies defendant's request that it be awarded the fees and costs associated with bringing this motion. *See* [45] 2. Although the Court has rejected plaintiff's blanket objections based on the work-product doctrine and expert testimony, the Court's order recognizes that it may be possible for plaintiff to properly raise those objections in his amended answers provided he does so with more specificity. Furthermore, the Court has found that plaintiff's refusal to answer Interrogatory 14 on the ground that it would require him to prematurely disclose expert testimony was partly justified. For these reasons, the Court finds that plaintiff's position was substantially justified, which makes an award of fees and costs inappropriate.

### Conclusion

For the reasons set forth above, defendant's motion to compel [45] is granted. In accordance with the rulings set forth in this order, plaintiff must serve amended answers to Interrogatories 2, 3, 4, 5, 7, 8, and 14 within 10 days of the date of this order. Defendant's request for an award of fees and costs is denied.

_Heather K. McShain_
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: December 8, 2021**